UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61996-Civ-SCOLA

ANISA MUZAFFARR,

    Plaintiff,

vs.

ROSS DRESS FOR LESS, INC.

    Defendant.

_____/

### ORDER ON MOTION FOR CLARIFICATION REGARDING WHETHER TESTIFYING TREATING PHYSICIANS MUST PROVIDE EXPERT DISCLOSURES UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2)(B)

THIS MATTER is before the Court upon the Amended Motion for Clarification of Court Procedures Regarding Treating Healthcare Providers [ECF No. 83], filed by Plaintiff Anisa Muzaffarr. The Court grants the request for clarification, and finds that when a treating physician or healthcare provider intends to offer testimony limited solely to matters within the scope of observation, diagnosis, and treatment, then no expert disclosure is required. *See, e.g.*, *In re Denture Cream Prods Liability Litig.*, 2012 WL 5199597, at *4 (S.D. Fla. Oct. 22, 2012) (Altonaga, J.); *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1317 (11th Cir. 2011). On the other hand, when the testimony of the treating physician or provider ventures beyond such matters and includes opinions on causation, prognosis, and/or future implications of the injury, then he or she must provide a full report satisfying the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). *See In re Denture Cream Prods Liability Litig.*, 2012 WL 5199597, at *5; *see also Norton v. Schmitz*, 2011 WL 4984488, at *3 (N.D. Ill. May 27, 2011) (noting that "when a treating physician opines as to causation, prognosis or future disability, the physician is going beyond what he saw and why he did it") (citation omitted).

Accordingly, it is hereby **ORDERED or ADJUDGED** that the Plaintiff's Amended Motion for Clarification is **GRANTED**, as set forth above.

**DONE and ORDERED** in chambers, at Miami, Florida, on July 25, 2013.

_____
**ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE**