UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-61996-CIV-SCOLA/SNOW

ANISA MUZAFFARR,

    Plaintiff,

v.

ROSS DRESS FOR LESS, INC.
a foreign corporation,

    Defendant.
_____/

## PLAINTIFF'S MOTION IN LIMINE

Plaintiff asks for an Order prohibiting any person from commenting on or alluding to the following matters in front of the jury:

Plaintiff is a Muslim. Her religion is probative of nothing in this case. Federal Rule of Evidence 402 excludes irrelevant evidence. Even if Plaintiff's religion were somehow remotely relevant, exclusion of that information is required by Federal Rule of Evidence 403 which states, "Although relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Moreover, Federal Rule of Evidence 610 states, "Evidence of a witness's religious beliefs or opinions is not admissible to attack or support the witness's credibility."

Courts have faithfully held it is improper to cross-examine a witness about religious beliefs. *United States v. Teicher*, 987 F.2d 112, 118-19 (2d Cir. 1993); *Contemporary Mission, Inc. v. Bonded Mailings, Inc.*, 671 F.2d 81, 84 (2d Cir. 1982). In *Novovic v. Greyhound Lines, Inc.*, the plaintiffs moved in limine to preclude any reference to their being Muslims or that their

1

decedent was a Muslim. 2012 WL 252124, at *2 (S.D. Ohio Jan. 26, 2012). The court agreed any information regarding their being Muslim "d[id] not make any fact in issue more or less probable" and excluded any reference to their religion under Federal Rules of Evidence 401, 402, and 610. *Id*.

Plaintiff's health insurer paid for some of Plaintiff's medical bills. The jury should hear nothing about Plaintiff's collateral sources. "Nothing in the Federal Rules of Evidence authorizes a departure from the [collateral source] rule." *Southern v. Plumb Tools, a Div. of O'Ames Corp.*, 696 F.2d 1321, 1323 (11th Cir. 1983) (citing *Bourque v. Diamond M. Drilling Co.*, 623 F.2d 351, 354 n.1 (5th Cir. 1980)). Florida's collateral source rule also "prohibits the introduction of any evidence of payments from collateral sources. *Sheffield v. Superior Ins. Co.*, 800 So. 2d 197, 200 (Fla. 2001). In *Winston Towers 100 Ass'n, Inc. v. De Carlo*, the appellate court affirmed the granting of a motion in limine prohibiting any mention of collateral sources to the jury. 481 So. 2d 1261, 1262 (Fla. 3d DCA 1986). The collateral source rule also prohibits telling the jury that collateral sources might be available to cover future damages. *Grell v. Bank of Am. Corp.*, 2007 WL 1362728, at *3 (M.D. Fla. 2007); *Measom v. Rainbow Connection Preschool, Inc.*, 568 So. 2d 123, 124 (Fla. 5th DCA 1990); *Sheffield*, 800 So. 2d at 203 (error to admit evidence of group insurance which jury could conclude was available to cover future medical expenses)).

Wherefore, Plaintiff asks for an Order granting this Motion in Limine. I wrote and called opposing counsel before filing this Motion and was unable to resolve the issues addressed herein. *See* Local Rule 7.1(a)(3).

        LAWLOR WINSTON WHITE & MURPHEY
        **Counsel for Plaintiff**
        2211 Davie Blvd.
        Ft. Lauderdale, FL 33312
        954-525-2345
        954-730-8908 fax
        bmurphey@lawlorwinston.com
        aosio@lawlorwinston.com


        By:  /s/ Ben Murphey, Esq. (25489)

    My signature above certifies I served this by CM/ECF on September 8, 2013 to:

Michael Garcia, Esq. (161055)
George Mitchell, Esq. (44645)
William Potucek, Esq. (100577)
Fowler White Burnett
**Counsel for Defendant**
1395 Brickell Ave., 14th Floor
Miami, FL 33131
305-789-9238
305-789-9201 fax
mgarcia@fowler-white.com
gmitchell@fowler-white.com
wpotucek@fowler-white.com

Kevin "Bo" Dennis, Esq. (829110)
Goldman Daszkal
**Co-Counsel for Plaintiff**
1630 W. Hillsboro Blvd.
Deerfield Beach, FL 33442
954-428-9333
954-428-9338 fax
dennis@gdinjurylaw.com
drenner@gdinjurylaw.com